IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bobby Robbins,<br>    Plaintiff,<br>vs.<br><br>D.S.S.; Tina Kinsler; Jhante Robbins; School Board; Richland County Police Department; Mental Health; Main Street 1701; Ms. Foster; Ms. Jeter; Sonya Good; Kendra Martin; and LaDawn,<br>    Defendants. | Civil Action No. 3:18-cv-1973-CMC<br><br>**OPINION AND ORDER** |

  This matter is before the court on Plaintiff's Complaint alleging Defendants caused his godchildren to be removed from the home and that they are harassing him. ECF No. 1. He requests this court "remove child support bench warrant," grant a divorce from Ms. Martin, and "pre-injunctive relief due to harassment." *Id.* Attachments to the Complaint appear to be regarding a related case, *Barnes v. DSS*, No. 18-cv-1567, and appear to be written by the Plaintiff in that case, Ms. Barnes. ECF No. 1-1.

  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On July 26, 2018, the Magistrate Judge issued a Report recommending that this matter be summarily dismissed without prejudice. ECF No. 10. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on August 8, 2018. ECF No. 13.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Report recommends Plaintiff's federal claims be dismissed because federal jurisdiction is lacking, as there is not complete diversity and the Complaint does not allege a claim arising under the Constitution or federal statutes. ECF No. 10 at 5. Plaintiff's objections appear to mostly concern the removal of Ms. Barnes' children, the subject of the related case as noted above. He does allege Pine View Elementary "decided that they wanted to frame me for abusing Ms. Barnes' six year old son." ECF No. 13 at 1. He also alleges he is listed as the "acting father" of Ms. Barnes' children in her case with DSS. *Id.* at 3.

The court agrees with the Magistrate Judge Plaintiff may not bring his claims under diversity jurisdiction, as some Defendants are citizens of South Carolina. It does not appear Plaintiff has alleged a claim under any federal statute or the Constitution, as required for federal question jurisdiction. To the extent he brings claims regarding Ms. Barnes' DSS case, those claims are barred by *Younger v. Harris*, 401 U.S. 37 (1971), which held federal courts cannot interfere in state court proceedings except in narrow circumstances. As such circumstances are not present here, this court cannot interfere with the DSS case in state family court.

After *de novo* review of the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's Complaint is dismissed without prejudice to his right to bring these claims in a proper forum.[1]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 14, 2018

---

[1] It does not appear Plaintiff could amend his Complaint to establish federal question jurisdiction, as he alleges purely state law claims and, as noted above, any federal claims would be subject to summary dismissal under *Younger*.